**YINGLIN XU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–73224.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 24, 2012.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yinglin Xu, Monterey Park, CA, pro se.

OIL, Benjamin Zeitlin, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Respondent.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Yinglin Xu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Singh v. Holder,* 638 F.3d 1264, 1268–69

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2011), and we deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination based on Xu's submission of a fraudulent employment termination letter, *see id.* at 1272, the discrepancies between Xu's testimony and nonimmigrant visa application regarding his educational and employment background, *see Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003), and Xu's inconsistent testimony regarding his surveillance by authorities, *see Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). The agency reasonably rejected Xu's explanations. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Xu's asylum and withholding of removal claims fail. *See Farah,* 348 F.3d at 1156.

■ Because Xu's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**